Thank you, Your Honor. May it please the Court, my name is Jacqueline Phelps for the Petitioner Appellant Michael Gamboa. The Respondent cannot show to required constitutional certainty that Congress authorized Mr. Gamboa's life sentences on Counts 1 and 2. This uncertainty is why remand is required here. There are two dispositive facts that are not in dispute. First, the Respondent cannot dispute that the Minnesota and North Dakota drug schedules list more drugs than the federal schedules. Second, the Respondent cannot dispute that all three of Mr. Gamboa's priors fell under statutory subsections that do not identify any specific drug. There are two roads here that lead to reversal. On one road, the Court will conclude that the state statutes generally criminalize more conduct than the federal statute. But could I interrupt you, Ms. Phelps? We have to thread the 2241 needle first. And so I would like you to talk a little bit about why MAFIS is really the pivotal point. Your question is about MAFIS. This is just sort of comparing state offenses with federal offenses, which we've been doing since Taylor or, you know, for a long time. So how do you get through 2241 or how do you get to 2241? Yes, Your Honor. And that is because the MAFIS Court announced a new rule of statutory interpretation when it held that the conduct-based categorical approach is the appropriate measure for certain prior convictions. And that's what we said in Chazen. That's exactly correct, Your Honor. And that is why this Court found that Chazen, and I'm quoting, fit the bill for claims for 2241 relief based on MAFIS. And so the MAFIS Court held that if conduct sweeps more broadly than the federal crime, the federal prosecutor cannot use that state prior to enhance the defendant's federal sentence. And so you're distinguishing conduct from, say, just a close textual analysis? That's exactly right, Your Honor, because, again, Mr. Gamboa's claim is based on MAFIS for the same reason that this Court held that MAFIS applies to the felony drug offense statute in general. So, for example, in United States v. Ruth, the Court answered two key issues that are relevant here. And one is that it is the conduct-based categorical approach that applies to Section 802.44, and that the conduct-based approach applies to the relevant drugs themselves. And so Mr. Gamboa's claim is— And then just in terms of sequencing, there's a difference of opinion between you and your opponent there. Your approach, I take it, is to look at the statute, decide whether it's divisible first, right? And then, once you've figured out the right statutory packages, then you can look at what conduct is covered? Your Honor, the discrepancy that I think you're describing is the respondent has suggested that the divisibility analysis comes first followed by the overbroad analysis. We disagree with that because if the statute is not overbroad in the first place—in other words, in the federal drug offense, if it's a copy and paste, then there's no need to even question as to whether or not that statute is divisible because there's no way to violate the state statute without also violating the federal statute. Okay, okay. So our— You're going to say overbreadth first, and then if there's an overbreadth problem, you see if you can carve off some part or another that's divisible. And that's exactly correct, Your Honor. And that's exactly the analysis that Mathis itself told courts to do, particularly when it comes to this conduct-based approach, where instead of looking at comparing definitions of offenses, we're actually looking and seeing if, again, as the court said in Mathis, if the conduct sweeps more broadly. And here, Mr. Gamboa's argument is based on Mathis because it concerns the conduct, or what Mathis called means, that trigger the definition of felony drug offense. So for example, Judge Wood, if you were standing in front of the Dirksen Building—and I'm not saying that you would, but if you had some drug in your pocket, and the state of Illinois does not have to prove what drug that is, that state conviction cannot qualify for a Section 851 enhancement. And that is because you, like Mr. Gamboa, will have been convicted under a catch-all statute, where the identity of the drug is not necessary to convict. Right. That's critical to your analysis, that he happens to be under the catch-all options for both his Minnesota and the North Dakota violation. Yes, Your Honor, that is correct. Because as we've pointed out, the point— That's exactly correct, Your Honor. And under this Court's analysis, both in United States v. Elder, and then applying Mathis and Elder in Najera-Rodriguez v. Barr, this Court said that these types of statutes, where the plain text of the statute does not identify any specific drug, do—the Court called them, in Najera-Rodriguez, for example, a broad residual catch-all statute, where the identity of the drug was not necessary to convict. And what this Court said was, that kind of statute does not provide the constitutional certainty required for federal consequences. And those are the same types of statutes under which Mr. Gamboa was convicted. But Mr. Gamboa also presents a secondary argument, and that is that even if the Court agrees that the statutes themselves are divisible—in other words, if the identity of the drug was necessary to convict Mr. Gamboa, and was therefore an element of the crime—Mr. Gamboa's Mathis claim survives. And that is because, in this case, the state defines the relevant drugs themselves to include more chemical forms than Congress did. And so that analysis is precisely the analysis that this Court used, first in United States v. De La Torre, and then again in Roof. But that's the branch of your argument that is sort of a step—it's not really a Mathis argument, it's just a standard argument, right? Your Honor, I would say—in this case, it is actually a Mathis argument, because here we have, again, like Mathis said, we have one crime, and in this crime, let's use cocaine, for example. The crime is possession or delivery of cocaine. The means, the conduct, which is the crime of possession of cocaine. So if your statute is here, and then we have this, this, this form of cocaine, these are still means, and they're means to violate the single statute that has a single element that's possession of cocaine, or in the North Dakota case, marijuana. And so this is still a Mathis analysis, because again, unlike— I'm sorry, Your Honor. Can I ask you to—I'm still struggling with threading the 2241 needle here, where at least my understanding is that our court has been considerably more aggressive in applying 2241 than other circuits have been. And I understand your theory to hang on whether it's Mathis that broke the barriers that would have foreclosed these arguments in the Eighth Circuit before Mathis was decided. Is that right? That is correct, Your Honor. Because— So suppose that Gamboa had made these arguments in his direct appeal or in his 2255 petition originally. It's a little hard for me—maybe you can convince me—but it's hard for me to see that the Eighth Circuit would have said, well, these arguments are obviously frivolous because we've decided Payton and Cornelius about Iowa burglary a few years ago. And that's correct, Your Honor. So the analysis of the Eighth Circuit, starting with Payton and starting with Cornelius, which did have to do with burglary, but what the Eighth Circuit said—and they relied heavily on Footnote 9 in Taylor, which said that courts—and this is the quote from Footnote 9 in Taylor—the government is free to argue that offenses could count to offenses that were other than the enumerated offense clause as long as the conduct meets—in other words, they may use the modified categorical approach to look at the conduct. Mathis said no. And so what the Eighth Circuit did, even post-Taylor, was say—and their holdings were, we may, of course, look to the facts to see whether or not the defendant's offense, state prior, met these definitions. And that's the key phrase, is they said, we may, of course, look to the underlying facts. And they applied this not only in ACCA, but also in then-mandatory career offender enhancements, sexual assault recidivist enhancements, and any other that otherwise involved conduct. I see my time is running short, so thank you, Your Honors. If there are no further questions, I'll reserve the remainder of my time. Thank you, Counsel. Mr. Simpson. Thank you, Your Honors. Scott Simpson on behalf of the respondent warden in this case, and may it please the Court. I noticed that Mr. Gamboa's counsel began with the merits, but this is not a direct 2241 petition. In fact, this is Mr. Gamboa's sixth post-conviction challenge. He's filed three prior 2241 petitions and two earlier 2255 motions. In fact, the last time Mr. Gamboa filed a 2241 petition, it was this Court that affirmed its denial in 2016. And we submit— But let me push you a little bit on that, Mr. Simpson, because your analysis—I mean, we have these three inquiries under Davenport. But once we get there, you know, your analysis assumes the answer to the question before us. So, like, I'm looking, for example, page 35 of your brief. One of Gamboa's 1996 convictions in Minnesota occurred under this particular statute, since the statute contains several alternative elements and thus was divisible. Well, the whole question in Mathis is whether different options should be characterized as different means of committing the same crime, or are different options actually different elements, each of which has to be found beyond a reasonable doubt by a jury. And you don't pretty clear that not all different means are different elements. It's an important inquiry, and your opponent has argued, relying on both Minnesota and North Dakota law, that they are, in fact, just alternative means, that you can get a conviction. The jury doesn't have to agree on the nature of the controlled substance. One juror can think it's one thing. One juror can think it's else. So I'm troubled by that. Your Honor, that all, of course, comes down to the first element of Davenport, under which they have to be relying on a retroactive Supreme Court decision. Right, and they are. And Mathis is a retroactive court decision, and your opponent is saying, what we're relying on here is precisely this distinction between means and elements. As we try to see what, how the, first the Minnesota, then the North Dakota statutes, map onto the federal statute. It wasn't something that anyone was paying attention to before, as we said in Chazen. Your Honor, the first element of Davenport is that they have to be relying on that earlier. They're relying on Mathis to say this, and Mathis is retroactive because it's substantive. But our purporting to rely on Mathis. Well, you can say that. I mean, but they, but for Mathis, they wouldn't have any argument about the distinction between elements and means or the type of conduct that would satisfy the statute. And if the type of conduct that would satisfy the statute is broader than what the federal statute covers, you've got a problem. Your Honor, I think what we're seeing here is somewhat of a mismatch between the, between Mathis and the cases that actually do rely on it, such as breaking and entering burglary cases and so forth. And they relate to the various ways or manners of satisfying a given element. But you could do the same thing in a drug, if the drug statute says it is a felony to have any controlled substance on your person inside the federal courthouse. Federal statute, let's just assume there is such a statute. Then, in order to prove guilt, if Juror 1 thought that you had cocaine in your pocket and Juror 2 thought you had meth in your pocket and Juror 3 thought you had, you know, something else, morphine in your pocket, or fentanyl or something, you could get a conviction there because it wouldn't matter. Everybody agreed that you had some controlled substance in your pocket. Your Honor, it's a little more subtle than that under, for example. You don't agree that that's what the outcome would be? It would depend on the statute. The statute I'm postulating. It's a felony to have a controlled substance, as defined by the Controlled Substances Act, in your pocket inside the federal courthouse. But Your Honor, as we look at Gamboa's argument on the merits, that is, that argument looks at definitions of, for example, cocaine. Definitions of particular drugs. He says he's looking to see whether the conduct covered by the state statute, the means by which the state statute can be violated, are broader than the means by which the federal statute can be violated. I understand that, Your Honor. That's their argument. They're trying to fit it. Obviously, they're trying to fit it into that And you don't engage with that in your brief. You just assume everything is divisible and they're all different statutes and so different elements. And I just didn't find that a useful way of looking at it. The reason for that, Your Honor, is that the argument they're really making here is along the lines of this court's decision in Ruth regarding the different definitions of drugs under federal and state law. Mr. Gamboa's opening brief and his reply brief on this appeal cited Ruth several times. Of course, what they're really making here is a Ruth argument. And very importantly, Ruth itself cited Mathis only one time and only in a very general sense for the categorical approaches generally. So, Ruth... So you don't think Mathis has anything to do with the elements of a crime? Oh, it definitely does. The core of Ruth is to distinguish elements from means. Absolutely. But Ruth, which again, Ruth involves definitions of crimes, I'm sorry, definitions of drugs, and that we believe is the argument that Mr. Gamboa is making here. And Ruth itself cited Mathis only that one time. Ruth is different from Mathis and that's the problem here. They're making a Ruth argument ultimately rather than a Mathis argument. So would you agree that if they are making a Mathis argument, they get past step one of Davenport? Your Honor, that goes to what this court said in Chaston. And I think we cite what's the other case, Hudson, I believe it is. This court seems to be saying that Mathis is a new rule that's retroactive on collateral review. Chaston seemed pretty clear about that to me. And there's also, there's another decision, I believe it was Hudson decided it about the same time, that drew that somewhat into question. I don't think the court used the term assume that Mathis is a new rule retroactive on collateral review. But that was the gist of Chaston in that regard. You're thinking of Hansen. Hansen, exactly. Thank you. I knew it started with an H. So I think it's very likely the court would find, if they truly are relying, legitimately have to rely on Mathis here, I think it's likely the court would find that they have satisfied the first element of Davenport. If I could address the second element of Davenport briefly. Mr. Gamboa filed his first 2255 motion in 2007, and there was no governing precedent at that time that would have foreclosed his arguing that Mr. Gamboa points to those two Eighth Circuit decisions from 1990 and 1991, Payton and Cornelius. But those also related to breaking and entering under IRA law, and they would have had nothing to do, nothing to say about drug predicates. And finally, Your Honor, on the third element of Davenport, Mr. Gamboa cannot establish a miscarriage of justice here. I don't believe Gamboa's counsel addressed that aspect of Gamboa at all in argument. Mr. Gamboa cannot satisfy that because he is, besides his life sentence for the drug I think their answer to that is that they're seeking, that these aspects of the sentence are so interdependent that they're seeking simple vacator of the sentence as a whole, resentencing. And if resentencing were to take place as it should under current law, that other life sentence is questionable. There are actually several problems with that argument, Your Honor. One of them comes from the petition itself, the 22-4 petition that we're dealing with here. That petition asks only, quote, that his statutory mandatory minimum sentences of lifetime imprisonment on counts one and two, those are the drug counts, be vacated and reset for resentencing, close quote. So the petition itself doesn't seek resentencing. But of course, habeas is sort of civil in nature. And as you well know, I'm sure Civil Rule 54C allows people to get whatever relief they're entitled to. You're not bound by what's in your petition. That's correct, Your Honor. But just a few more issues that they would have with that argument, we believe, on miscarriage of justice. Even if the petition were not so limited, Your Honor, the scope of any remand proceedings here, we believe, would be within the discretion of the district court. Well, it would depend on what our mandate said too, I suspect. Correct. I was going to say, within the discretion of the district court subject to this court's instructions. And we believe that any remand should be limited to the drug counts. The usual remedy on a 22-41 petition upon granting it is either a limited remand or outright release, but only on the sentences that are being covered by the 22-41 petition by the grant of that. And even if there were some full resentencing in some sense, that would not mean, or should not mean, that the court should apply intervening changes in Section 924. The statute as it existed when Mr. Gamboa committed his offenses provided for the life sentence on the 924C, the second machine gun conviction. And Congress specifically said that the amendments made since then to 924C should not be retroactive. We also have one final point, if I could. I'm out of time. But we have an issue. Go ahead. Thank you, Your Honor. We have an issue with the fact that the court that sentenced Mr. Gamboa is in a different circuit. It was the District of North Dakota. And I don't know that this court or the Central District of Illinois could direct the District of North Dakota to do a complete resentencing on all of his on all of his sentences. So, Your Honors, we would urge the court to affirm the denial of the 22-41 petition. Thank you, Counselor. Ms. Phillips, I'll give you two minutes. First, Judge Wood, Your Honor, is exactly correct. This is a Mathis claim. And this is a Mathis claim regardless of whether we are looking at the statutes as a whole as being indivisible, catch-all statutes, or whether we're looking at the relevant drugs themselves. Let me push back, though. I mean, if when the original 2255 had been filed, by that time, you know, there's a fair amount of water under the bridge. And if if Mr. Gamboa had said, the conduct for which I was convicted in Minnesota and North Dakota goes beyond the federal statute, just plain and simple, a Ruth sort of claim, it may not have succeeded, but it was certainly a cognizable claim. Didn't he have an obligation to raise that? And if 2255 was available, then doesn't that destroy the 2241 point? Your Honor, if 2255 is available, then yes, because 2255 has to be inadequate or ineffective. But two problems arise with that. First, the Eighth Circuit's precedent in this body of law was clearly against any type of claim that would say, no, we do not look to the underlying facts of the conviction of an individual statute. And we see that not just in Peyton and Cornelius. We see that later in United States v. Wright, where the court applied this same analysis and said that we may, of course, examine the underlying facts. We see this in United States v. Trogdon, where the court applied it in a sexual assault recidivist enhancement, where the age of the victim was not an element. The court said we can examine the underlying facts. Importantly, the en banc Eighth Circuit in United States v. McCall said that we may not only examine the underlying facts, but that en banc court even went so far as to make inferences and assumptions as to whether or not, in that case, the defendant was actually driving a vehicle, which would then become a violent enhancement under the violent felony. So not only is the Eighth Circuit continuously looking to the underlying facts and relying primarily, again, on footnote 9 in Taylor, but saying not only may we use Shepard documents and not only may we look at these underlying facts, but we can also make inferences about that. And what we now know is that Mathis said, and the quote is similar to, facts are just facts. Find them or not, they still may not be used to enhance the defendant's federal sentence. Ms. Phelps, you just mentioned some cases, and I was just trying to do a quick look at the table of citations in your briefs. Are any of those in there besides Pagan and Cornelius? I didn't get to all of them yet. No, Your Honor, we did not cite those cases in either one of our briefs, and that's simply because Pagan and Cornelius, Cornelius in particular, is the case that the Eighth Circuit cites over and over and over in all of the cases that I just mentioned for the proposition that we may look to underlying facts. And so the other issue that I'd like to address is that, and I see my time is up. Your time has expired. Thank you, Your Honor. Thanks to both counsel, and the case is taken under advisement.